UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CHAUNCEY LAURENT WALKER (#1142632),**

    Petitioner,
v.

                                  Case No.: 2:10cv548

**GENE M. JOHNSON,**
Director, Virginia Department of Corrections

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure. Because the petition is time-barred, the undersigned recommends it be dismissed.

### I. STATEMENT OF THE CASE

On February 26, 2003, in the Circuit Court for the City of Alexandria, petitioner Chauncey Laurent Walker ("petitioner" or "Walker") was found guilty by a jury of rape, five counts of forcible sodomy, statutory burglary while armed, and two counts of abduction with intent to defile. Commonwealth v. Walker, No. CF020611, (Va. Cir. Ct. Alexandria Feb. 26, 2003). During the trial, Walker's attorney objected that the fingerprint analyst

1

who testified for the government was not the same analyst who prepared an identification report submitted to the defense during discovery. (ECF No. 1-2, Trial Transcript Excerpt, p. 32). The analyst who testified had reviewed and confirmed the written report, but had not completed a written report of his own. (Id. at 35-36). While arguing the objection, Walker's attorney ultimately conceded that the testifying analyst could make a visual fingerprint comparison on the stand, and withdrew his request that the analyst who prepared the report appear. (Id. at 36). Before the case was submitted to the jury, the trial judge determined that the written report, although referred to during the analyst's testimony, could not be entered as evidence because the preparer of the report had not testified. (Id. at 26). Without the written report, the jury nonetheless convicted Walker.

On April 10, 2003, Walker was sentenced to life imprisonment plus an additional thirty-eight years. (ECF No. 1, at 1). He appealed his conviction directly to the Virginia Court of Appeals on the grounds that there was insufficient evidence to support his conviction, and that his sentence was unconstitutionally excessive under the Eighth Amendment. (ECF No. 1, at 2). The Virginia Court of Appeals denied Walker's petition on both grounds. Walker v. Commonwealth, Record No. 0999-03-4 (Va. Ct. App. Nov. 20, 2003). A subsequent appeal was

refused by the Supreme Court of Virginia. <u>Walker v. Commonwealth</u>, Record No. 040483 (Va. Sept. 7, 2004).

In 2005, Walker a filed state habeas corpus petition in the Circuit Court for Alexandria alleging ineffective assistance at trial, prosecutorial misconduct, and a Confrontation Clause violation. (ECF No. 1, at 4). The petition was denied by the Circuit Court as procedurally defaulted, and a petition to appeal that decision was subsequently refused by the Virginia Supreme Court. A petition for a rehearing filed with the Virginia Supreme Court was refused on January 24, 2006. <u>Walker v. Young</u>, Record No. 050988 (Va. Jan. 24, 2006).

In April 2009, Walker filed a motion to vacate the original judgment in the Circuit Court for the City of Alexandria, alleging a violation of his right to confront witnesses, the same claim underlying this federal habeas petition. (ECF No. 1, at 5). That motion was denied on April 24, 2009. <u>Commonwealth v. Walker</u>, No. CF020611 (Va. Cir. Ct. Alexandria April 24, 2009). The Virginia Supreme Court denied Walker's appeal, <u>Walker v. Commonwealth</u>, Record No. 091486 (Va. Dec. 11, 2009), and his petition for rehearing. <u>Walker v. Commonwealth</u>, Record No. 091486 (Va. March 3, 2010).

On November 2, 2010, Walker, proceeding <u>pro se</u>, filed this federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Walker's petition alleges that his right to confront

3

witnesses under the Sixth Amendment was violated when, at trial, the analyst who prepared the written report regarding fingerprint identification did not testify. (ECF No. 1 at 6-7). Although the report was never admitted into evidence, it was discussed at trial by the testifying analyst who had verified the report's findings, and who identified the fingerprints in question during his live testimony. (ECF No. 1 - 2, Trial Transcript Excerpt, p. 4, pp. 22-26).

Walker seeks to avoid the statute of limitations applicable to his claim by relying on the Supreme Court's decision in Melendez-Diaz v. Massachusetts, 557 U.S. ___, 129 S. Ct. 2527 (2009) and a subsequent Court decision, Briscoe v. Virginia, 559 U.S.___, 130 S. Ct. 1316 (2010), that applied Melendez-Diaz to a Virginia statute regarding the admissibility of certificates of analysis. Because Melendez-Diaz does not apply retroactively on collateral appeal, and because it's holding is not implicated by the trial court record in Walker's case, Walker's petition is barred by the statute of limitations.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

An individual in custody pursuant to a state court judgment has one year, following conviction, to file a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year limitation period generally begins on the date the state conviction becomes final—that is, after all avenues for direct

review are foreclosed either by conclusion of the direct review process, or by the expiration of the time for seeking direct review. 28 U.S.C. § 2444(d)(1)(A); Crawley v. Catoe, 257 F.3d 395, 398 (4th Cir. 2001). The one-year limitation period may begin running at a later date, however, if the filing of a habeas petition was prevented by some unlawful or unconstitutional state action; if a new, relevant constitutional right is recognized by the Supreme Court; or if the factual predicate of the habeas claim was previously unknown to the defendant. 28 U.S.C. §§ 2244(d)(1)(B)-(D). The one-year period is tolled during any period when collateral review is pending in state court. 28 U.S.C. § 2444(d)(2).

Walker's direct appeal to the Supreme Court of Virginia was denied on September 7, 2004, after which he had ninety days—until December 7, 2004—to file a petition for writ of certiorari to the United States Supreme Court. When the period for filing a petition for a writ of certiorari expired, Walker's conviction became final for purposes of 28 U.S.C. § 2444(d)(1)(A). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000) (noting that the one-year statute of limitation commenced upon the expiration of the ninety-day period for filing a petition for a writ of certiorari in the United States Supreme Court). Walker alleges that he filed a state habeas corpus petition on May 3, 2005. Thus, the statute of limitations ran from December 7, 2004

5

until that date, accruing 147 days. While it is unclear from the record precisely when subsequent appeals were pending, the last of Walker's pleadings collaterally attacking his state conviction—a petition for rehearing with the Virginia Supreme Court—was dismissed as untimely on January 24, 2006. Walker v. Young, Record No. 050988 (Va. Jan. 24, 2006). If properly filed, the one-year period during which Walker could file a federal habeas corpus petition would have been tolled during the pendency of his motions seeking collateral review. 28 U.S.C. § 2444(d)(2). Therefore, on January 24, 2006 at the latest, the limitation period began again, and the period expired 218 days later, on August 30, 2006.[1] Thus, absent a showing that equitable tolling is warranted, or that the limitation period began at a later date, Walker's petition is time-barred.

While not making the argument explicitly, Walker suggests that recent Supreme Court jurisprudence regarding the Confrontation Clause triggered a new one-year limitation period for his claim under 28 U.S.C. § 2244(d)(1)(C). Under the statute, if a constitutional right asserted in the federal habeas petition "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the limitation period runs from the date on which that

---

[1] The undersigned makes no recommendation concerning the exact date upon which Walker's federal limitation period expired, except to recommend that the Court find it expired no later than August 30, 2006.

6

right was initially recognized by the Court. Id.; see also In re Wilson, 442 F.3d 872, 873-74 (5th Cir. 2006) (finding that one-year limitation period began on date Supreme Court decision announcing new rule was issued). Walker appears to argue that the trial court's rulings regarding the written fingerprint identification report violated constitutional rights recognized by Briscoe and Melendez-Diaz. (ECF No. 1, at 5).

In Melendez-Diaz, the Court ruled that certificates of analysis of physical evidence were testimonial by nature therefore the government was required under the Confrontation Clause to produce, for cross-examination, the expert who prepared any certificate offered as evidence. Melendez-Diaz, 557 U.S. at ___, 129 S. Ct. at 2532. The Court emphasized that merely giving a defendant the right to subpoena the expert who prepared the certificate was insufficient. Id. at 2540. In light of Melendez-Diaz, the petitioners in Briscoe challenged a Virginia statute[2] which allowed the government to enter certificates of analysis as affidavits, but which gave defendants the opportunity to call the preparer of the certificate as a defense witness. In a one-sentence opinion, the Court in Briscoe vacated a Virginia Supreme Court ruling upholding the statute, and remanded for further proceedings

---

[2]Va. Code § 19.2-187.

consistent with Melendez-Diaz. Briscoe, 559 U.S. at ___, 130 S. Ct. 1316.

Walker contends that, because the effect of Briscoe and Melendez-Diaz is to invalidate the Virginia statute, he should be permitted to retroactively assert that his constitutional rights were violated by the trial judge's rulings on the written fingerprint report. While he does not make this argument expressly, Walker appears to argue that a new, relevant constitutional right was recognized by Briscoe and that the one-year limitation period should run from the date that case was decided thereby making his petition timely. See 28 U.S.C. §§ 2244(d)(1)(C). This argument fails for two reasons.

As an initial matter, the holding in Melendez-Diaz and the statute at issue in Briscoe do not appear to be relevant to the evidence admitted in Walker's trial. The Virginia statute relates to the admission of certificates of analysis "as evidence of the facts therein stated." Va. Code. § 19.2-187. The written fingerprint report in question during Walker's trial was never admitted into evidence. (ECF No. 1 - 2, Trial Transcript Excerpt, pp. 4, 22-26). The report was discussed at trial by a fingerprint analyst who had reviewed and confirmed the report's findings, but Walker's attorney had the opportunity to cross-examine this witness. (ECF No. 1 - 3, Trial Transcript Excerpt, p. 1). Unlike Melendez-Diaz, where the challenged

certificates carried the full weight of admitted evidence, the report challenged by Walker merely informed the expert testimony of a witness who applied his own individual analysis. See Larkin v. Yates, No. CV 09-2034, 2009 WL 2049991, at *2 (C.D. Cal. July 9, 2009) (finding that Melendez-Diaz did not apply where a DNA expert testifying at trial did not personally prepare the DNA report, but rather had independently reviewed the report in her supervisory capacity and applied "her own expertise in DNA testing and her own conclusions regarding the data . . . ."), aff'd, No. 09-56264, 2011 WL 731255, at *1 (9th Cir. 2011). Because neither Briscoe nor Melendez-Diaz apply to Walker's case, any argument that the limitations period for Walker's federal habeas petition should begin with the rule announced in those cases must fail.

Even if the Sixth Amendment protections underlying Briscoe and Melendez-Diaz did apply to Walker's case, Walker's habeas petition is nevertheless time-barred. While the rule announced in Melendez-Diaz is arguably a "newly recognized" constitutional right, the right has not been "made retroactively applicable to cases on collateral review," and therefore a new limitations period from the date that rule was announced is not available to Walker. 28 U.S.C. §§ 2244(d)(1)(C).

Since Melendez-Diaz was decided in 2009, courts have differed in interpreting whether the holding amounts to a "new

9

rule," or merely an extension of Crawford v. Washington, 541 U.S. 36 (2004), a precursor to Melendez-Diaz which announced broader Confrontation Clause rights. See, e.g., Vega v. Walsh, No. 06-CV-6492, 2010 WL 1685819, at *9-11 (E.D.N.Y. Apr. 22, 2010)("However strong the argument may be that the reasoning in Crawford compelled the result in Melendez-Diaz, the latter decision plainly announced a rule that was new."). But see, e.g., Polanco v. Verano, No. 08-3839, 2009 WL 3719464, at *1, n.1 (E.D. Pa. Nov. 4, 2009) (finding that Melendez-Diaz merely "clarified" the holding in Crawford, and thus "did not create a newly recognized constitutional right."). Other courts considering the issue have assumed, without deciding, that Melendez-Diaz announced a new rule, and denied the petition because Melendez-Diaz does not apply retroactively. See Carillo v. United States, No. 09-C-5796, 2009 WL 4675798, at *2 n.1 (N.D.Ill. Dec. 3 2009) (finding that an untimely petition could not be saved by Melendez-Diaz because the holding does not apply retroactively); Larkin, 2009 WL 2049991, at *2.

To apply retroactively on federal collateral review, a new rule must forbid criminal punishment of certain individual acts—a standard that does not apply to Walker—or the rule must be a "watershed" rule of criminal procedure. Teague v. Lane, 489 U.S. 288, 311 (1989). In order to qualify as a watershed rule, a new rule "must be necessary to prevent 'an impermissibly large risk'

of inaccurate conviction," and it "must 'alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding.'" Whorton v. Bockting, 549 U.S. 406, 418 (2007) (quoting Schriro v. Summerlin, 542 U.S. 348, 356 (2004)) (some internal quotation marks omitted). The Court in Whorton found that the Confrontation Clause rule announced in Crawford did not meet either of these standards. Id. at 418-21. Even if Crawford "resulted in some net improvement in the accuracy of fact finding in criminal cases," the Court found that this improvement was not significant enough to amount to a watershed rule. Id. As Melendez-Diaz was an extension of the holding in Crawford, it likewise announced no watershed rule. See, e.g., Frankenberry v. Coleman, No. 09-557, 2009 WL 3734140, at *5 (W.D. Pa. Nov. 6, 2009) ("[J]ust as Crawford does not apply retroactively to cases on collateral review, the asserted expansion of Crawford in Melendez-Diaz cannot apply retroactively . . . ."); see also Vega v. Walsh, No. 06-CV-6492, 2010 WL 1685819, at *10 (same); Carillo v. United States, No. 09-C-5796, 2009 WL 4675798, at *2, n.1 (N.D. Ill. Dec. 3 2009) (same); Larkin, 2009 WL 2049991, at *2 (same). Thus, even assuming, without deciding, that the rule in Melendez-Diaz is a "newly recognized" constitutional right, the rule does not apply retroactively and thus it does not trigger the new limitations period Walker claims under 28 U.S.C. §§ 2244(d)(1)(C).

Because the one-year statute of limitations for filing a federal habeas petition expired, at the latest, on August 30, 2006, and because any potential claim that a newly recognized constitutional right restarts that period is without merit, Walker's petition is time-barred.

### III. RECOMMENDATION

Because Walker's claims are time-barred, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED, and Walker's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir.1984); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

The Clerk shall mail a copy of this Order to petitioner and to counsel of record for respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

April 19, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Chauncey Laurent Walker, #1142632
Wallens Ridge State Prison
P. O. Box 759
Big Stone Gap, VA 24219

Donald Eldridge Jeffrey, III
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

Fernando Galindo,

Clerk of Court

By: _____
Deputy Clerk

APRIL 19, 2011

14